IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

HARCO NATIONAL INSURANCE CO., )
)
      Appellant/Plaintiff, )    Case No. 05-1714-KI
)
vs. )    OPINION AND ORDER
)
JAMES H. SANDERS, )
)
      Appellee/Defendant. )

Robert J. Vanden Bos
Jeff Payne
Vanden Bos & Chapman, LLP
319 S. W. Washington, Suite 520
Portland, Oregon 97204

    Attorneys for Appellant/Plaintiff

James H. Sanders
P. O. Box 4215
Scottsdale, Arizona 85261

    Pro Se Appellee/Defendant

KING, Judge:

The matter before this court is an appeal from the final decision of the United States Bankruptcy Court for the District of Oregon entered on August 15, 2005. The district court acts as an appeals court from decisions of the bankruptcy court. Harco National Insurance Co. ("Harco"), plaintiff in the bankruptcy action, has filed a Motion to Dismiss Appellee [sic]/Defendant's Appeal for Failure to File a Timely Brief (#45). For the reasons provided below, I grant the motion.

## BACKGROUND

On January 7, 1999, the Bankruptcy Court granted Harco's motion for Order of Default, and entered a judgment against defendant finding that the order of restitution included in the judgment entered by the United States District Court for the Eastern District of California in a criminal case is non-dischargeable. On June 13, 2005, defendant filed a motion to set aside the default judgment. On August 15, 2005, the Bankruptcy Court denied defendant's motion to vacate the default judgment. On August 25, 2005, defendant filed a Motion to Reconsider, and on September 15, 2005 the Bankruptcy Court denied the motion.

Defendant filed a notice of appeal of that denial on September 27, 2005. After failing to file the required Statement of Issues and a Designation of Record within ten days of defendant's notice of appeal, Harco moved to dismiss the appeal. On November 15, 2005, this court denied Harco's motion to dismiss since, after receiving the motion to dismiss, defendant filed the necessary documents and Harco had suffered no prejudice.

# DISCUSSION

Harco moves to dismiss the appeal on the ground that defendant has failed to file his opening brief. The Bankruptcy Court sent a letter to all parties, including defendant, alerting them that the appeal had been docketed on November 11, 2005. The letter instructed the parties that appellant was required to serve and file his brief within forty days after the entry of the appeal on the docket. Accordingly, defendant's opening brief was due on or before December 21, 2005.

Pursuant to this court's Local Rule 2200.6(f), "[t]he time for filing the appellant's brief, appellee's brief, and all reply briefs shall be 40 days, 30 days and 14 days respectively, in lieu of the time limits [of 15 days] specified in Bankruptcy Rule 8009(a)." We are now almost into March and defendant has not filed his opening brief. In addition, given that defendant received Harco's motion to dismiss on or about January 25, 2006, I would have expected defendant to file his opening brief or file a response to the motion to dismiss. Having received neither an opening brief nor a response to Harco's motion to dismiss, I dismiss the appeal.

# CONCLUSION

Harco's Motion to Dismiss Appellee/Defendant's Appeal for Failure to File a Timely Brief (#45) is granted. Defendant's appeal is dismissed.

IT IS SO ORDERED.

Dated this   22nd    day of February, 2006.

   /s/ Garr M. King
Garr M. King
United States District Judge